GTE CORPORATION; Bell Atlantic Corporation; GTE North, Inc.; Contel of the South, Inc.; GTE Communications Corp.; and GTE Telecommunications, Inc. Appellants (Respondents Below),

v.

INDIANA UTILITY REGULATORY COMMISSION; Office of Utility Consumer Counselor; AT&T Communications of Indiana, Inc.; Time Warner Communications of Indiana, Inc.; Sprint Communications Company, L.P.;

United Telephone Company of Indiana, d/b/a Sprint; MCI Telecommunications Corporation; Brooks Fiber, Inc.; MCImetro Access Transmission Services, Inc.; Worldcom Technologies, Inc.; Indiana Bell Telephone Company, Incorporated d/b/a Ameritech Corporation; SBC Communications; Inland Steel Company; Bethlehem Steel Corporation; R.R. Donnelly & Sons Company; Anchor Glass Container Corporation; Indiana Michigan Power Company; Indianapolis Power & Light Company; Indianapolis Water Company; Northern Indiana Public Service Company; PSI Energy, Inc.; Southern Indiana Gas & Electric Company Appellees (Statutory Parties and Intervenors Below).

No. 93S02–9907–EX–370.

Supreme Court of Indiana.

July 30, 1999.

Dale E. Sporleder, Indianapolis, Indiana, Attorney for Appellants.

Jeffrey A. Modisett, Attorney General of Indiana, A. Scott Chinn, Cindy M. Lott, Geoffrey Slaughter, Deputy Attorneys General, Indianapolis, Indiana, Attorneys for Indiana Utility Regulatory Commission.

Anne E. Becker, Keith L. Beall, Robert M. Glennon, Timothy M. Seat, Karol H. Krohn, Indianapolis, Indiana, Attorneys for Office of Utility Consumer Counselor.

John F. Wickes, Jr., Todd A. Richardson, Indianapolis, Indiana, Attorneys for Bethlehem Steel Corporation, Ispat Inland, Inc., Anchor Glass Container Corporation, R.R. Donnelley & Sons Company.

**ON EMERGENCY PETITION TO TRANSFER**

BOEHM, Justice.

This case, like *Indiana Bell Telephone Co. Inc. v. Indiana Utility Regulatory Commission,* 715 N.E.2d 351 (Ind.1999), raises the issue of the jurisdiction of the Indiana Utility Regulatory Commission under Indiana Code § 8–1–2–83(a) over transactions by direct or indirect shareholders of a public utility.

On July 28, 1998, GTE Corporation and Bell Atlantic Corporation announced their proposed merger. GTE Corporation is the corporate parent of two Indiana utilities: GTE North, Inc. and Contel of the South, Inc. Bell Atlantic, one of the "Baby Bells" along with Ameritech and SBC whose proposal to merge gave rise to *Indiana Bell,* is a holding company whose subsidiaries include operating telephone companies in the Eastern United States. If the merger is consummated as proposed, shareholders of GTE Corporation will exchange their shares for Bell Atlantic stock and GTE Corporation will survive as a wholly-owned subsidiary of Bell Atlantic, with GTE North and Contel of the South continuing as wholly-owned subsidiaries of GTE Corporation.

On May 26, 1999, the Commission asserted jurisdiction to approve or disapprove the

**362**

merger pursuant to Indiana Code § 8–1–2–83(a). This section provides that "no public utility, as defined in section 1 of this chapter, shall sell, assign, transfer, lease or encumber its franchise, works, or system . . . without approval of the commission." The holding companies and the utilities appealed the Commission's finding of jurisdiction. On July 1, 1999, we granted their petition to transfer under Appellate Rule 4(A)(9).

For the reasons explained in *Indiana Bell,* the proposed transaction involves neither action by a "public utility" nor the transfer of the utility's "franchise, works or system." Accordingly, section 83(a) does not require Commission approval of this proposed transaction in the outstanding securities of these public utilities or their parents.

The order of the Commission is vacated for lack of jurisdiction.

DICKSON, SULLIVAN, and SELBY, JJ., concur.

SHEPARD, C.J., concurs on the basis of *Indiana Bell v. Indiana Utility Regulatory Commission.*